IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CRIMINAL NO. 7:18CR00022 |
| ) | |
| CHRISTOPHER MICHAEL MCGOWAN ) | |

DEFENDANT'S SENTENCING MEMORANDUM

COMES NOW Defendant, Christopher Michael McGowan, by counsel, and respectfully submits the following sentencing memorandum and joins the United States' recommendation to sentence McGowan to probation (United States' Sentencing Memorandum, filed 04/07/21, ECF # 218).

McGowan comes before this Court having pled guilty to one count of transmitting threats in interstate commerce in violation of 18 U.S.C. § 847(c). McGowan does not contend that such conduct should go unpunished; rather when considering what sentence to impose, he asks the Court to consider his life story, his non-existent criminal history, his exemplary military record, and how his untreated post traumatic stress disorder contributed to him committing this offense and failing out of Veterans Treatment Court (VTC), and conclude that imposing a sentence of time served followed by probation or supervised release is a sentence that is sufficient, but not greater than necessary, based on the particular facts of this case.

In fashioning an appropriate sentence in this case the Court must, among other considerations, impose a sentence no greater than that which is sufficient to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational

training, medical care, or other correctional treatment in the most effective manner.  See 18 U.S.C. §3553(a)(2).  See also U.S. v. Gall, 552 U.S. 38 (2007), U.S. v. Hughes, 401 F.3d 540 (4th Cir. 2005) and U.S. v Pauley, 511 F3d 468, (4th Cir. 2007).

In determining departures or variances at sentencing, the Court must place on the record an "individualized assessment based on the particular facts of the case before it," whether the Court "imposes an above, below, or within-Guidelines sentence." United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009) (internal quotation marks omitted).  "[E]very sentence requires an adequate explanation," however, "a more complete and detailed explanation of a sentence is required when departing from the advisory Sentencing Guidelines, and a major departure should be supported by a more significant justification than a minor one." United States v. Hernandez, 603 F.3d 267, 271 (4th Cir. 2010) (internal quotation marks omitted).  The Supreme Court also requires the sentencing court to consider the person before the court, stating "[i]t has been uniform and constant in the federal judicial tradition for the sentencing judge to consider every person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." Koon v. United States, 518 U.S. 81, 113 (1996).

In considering the appropriate sentence, "the sentencing court should first calculate the applicable Guidelines range. … After calculating the Guidelines range, the sentencing court must give both the government and the defendant an opportunity to argue for whatever sentence they deem appropriate.  The sentencing court should then consider all of the § 3553(a) factors to determine whether they support the sentence requested by either party. …  In so doing, the sentencing court may not presume that the Guidelines range is reasonable.  In the event the sentencing court decides to impose a variance sentence, i.e., one outside of the recommended

Guidelines range, the sentencing court must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." United States v. Pauley, 511 F.3d 468, 473 (4th Cir. 2007) (internal citations omitted).

## PROPERLY DETERMINING THE GUIDELINES RANGE

As set forth in paragraph 56 of the Presentence Investigation Report (PIR), McGowan has no criminal history at all. McGowan does not object to the guidelines calculations set forth in paragraph 89 of the final PIR, which is 24 to 36 months based on a criminal history category of I and a total offense level 17. However, the PIR also sets forth two factors that may warrant a departure. PIR, page 20. Defendant states the court ought to grant a departure under those sections for the reasons articulated in the PIR. For the reasons set forth below, McGowan argues there are additional reasons to grant a departure.

As noted in PIR paragraph 90, the parties agreed to a sentence between zero six months pursuant to Rule 11(c)(1)(C). Therefore, if the court decides to accept the plea agreement it could grant a departure from the offense level of 17 down to a level of 8 or below. The court should do this because as calculated in the PIR the court is required to impose a sentence of incarceration since a total offense level of 17 falls within Zone D. Sentences other than incarceration are allowed only under Zones A, B and C. Therefore, granting the departure down to 8 or below results in a sentence in Zone A, which allows the court to impose a sentence of probation as the parties have agreed is appropriate.

In addition, the court should grant this departure under §5K2.13. Diminished Capacity (Policy Statement). Under this section, a downward departure may be warranted if (1) the defendant committed the offense while suffering from a significantly reduced mental capacity; and (2) the significantly reduced mental capacity contributed substantially to the commission of the offense. As more fully set forth in the PIR, Defendant suffers from PTSD caused by his military service, which

was a main driving force of the crimes. While alcoholism certainly played a role in McGowan's behavior, it was not a driving factor in it rather than the PTSD. Therefore, the prohibition against applying a departure under this section if the significantly reduced mental capacity was caused by the voluntary use of drugs or other intoxicant does not apply as alcohol was a contributing factor but was not the sole factor causing the issues.

Given all these considerations, the court ought to grant a downward departure from a total offense level of 17 to 8 or less.

### **ARGUMENTS IN SUPPORT OF A VARIANCE UNDER 18 USC § 3553**

The court must next consider all the factors set forth in 18 U.S.C. § 3553(a) as a whole to determine whether a variance is warranted. These include:

(1)  the nature and circumstances of the offense and the history and characteristics of the defendant;

(2)  the need for the sentence imposed

    (A)  to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

    (B)  to afford adequate deterrence to criminal conduct;

    (C)  to protect the public from further crimes of the defendant; and

    (D)  to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3)  the kinds of sentences available;

(4)  the guidelines and the sentencing range established;

(5)  any pertinent policy statement;

(6)  the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

See 18 U.S.C. § 3553(a)(1)-7); Gall v. United States, 552 U.S. 38 (2007).

Importantly, in considering all these factors to determine whether they support a requested sentence, the court "may not presume that the Guidelines range is reasonable." Gall, 552 at 50. In light of this, McGowan believes that after consideration of all these factors, the court ought to impose a sentence of probation regardless of the guidelines calculations.

**1.      Section 3553(a)(1): The nature and circumstances of the offense and the history and characteristics of the defendant.**

While suffering from PTSD and alcoholism, McGowan made several threats against then Congressman Goodlatte. McGowan does not minimize the impact of such threats upon those receiving them, and regrets having done so. His ill-conceived plan did not include trying to hide his identify, and he confessed to law enforcement when confronted. He also remained free after these events, and there is no evidence McGowan was involved in other criminal activity of this nature after this. McGowan has no criminal history at all resulting in a criminal history category of I.

As more fully set forth in the PIR, McGowan had nothing less than an impressive military career before being discharged (honorably) due to PTDS. PIR, paragraph 73. Paragraphs 74 through 84 display a litany of accolades from his military evaluation reports that can only be described as remarkable, such as "promote immediately and assign to the most demanding KD position" (paragraph 83), "calm and collected under pressure, he is the one leader I rely on most to accomplish the most complex and demanding missions and he produces outstanding results every time" and "unlimited potential and our Soldiers deserve his leadership" (paragraph 76). The actions that bring McGowan before this court, PTSD and alcohol inspired texts and tweets communicating threats, are simply hard to square with the Captain the military

described in the PIR. His stellar military career that was cut short due to PTSD from his service certainly serves as mitigation factors warranting a departure or variance to a sentence of probation.

McGowan's lack of criminal history coupled with his life history provides proof that McGowan is not a person likely to be a recidivist from whom society needs to be protected by lengthy periods of incarceration. McGowan now comes before this Court requesting a simple recognition that he desires to pay his debt for his mistakes, then rebuild and improve his life to become a productive citizen, and requests this Court impose the "reasonable sentence" of probation by crediting his overall good life experience and exemplary military service, all of which comports to the sentencing scheme enumerated in 18 U.S.C. 3553.

> **2. Section 3553(a)(2): The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; to afford adequate deterrence to criminal conduct; to protect the public from further crimes of the defendant; and to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.**

It is axiomatic that a federal felony conviction and the accompanying loss of personal liberty and certain civil rights such as the right to vote, hold office, and possess firearms are significant repercussions that reflects the seriousness of this offense, promotes respect for the law, and affords adequate deterrence to criminal conduct. Additionally, sentencing McGowan to probation due to his minimal criminal history is without question a significant sentence that provides just punishment for the offense, provides adequate deterrence to the general public and specifically to McGowan. Based on his history, it is extremely unlikely the public needs protection from further crimes of McGowan, so this should not be a consideration.

> **3. Section 3553(a)(3), the kinds of sentences available, and (a)(4), the guidelines and the sentencing range established.**

As set more fully forth above when requesting a departure, the guidelines sentence in paragraph 89 of the final PIR is 24 to 36 months based on a criminal history category of I and a total offense level 17, without granting a departure. If the court does not grant the departure request, the court ought to grant a variance to reduce the total offense level to 8 or less.

As noted in PIR paragraph 90, the parties agreed to a sentence between zero six months pursuant to Rule 11(c)(1)(C). Therefore, if the court decides to accept the plea agreement it could grant a variance from the offense level of 17 down to a level of 8 or below. The court should do this because as calculated in the PIR the court is required to impose a sentence of incarceration since a total offense level of 17 falls within Zone D. Sentences other than incarceration are allowed only under Zones A, B and C. Therefore, granting the variance down to 8 or below results in a sentence in Zone A, which allows the court to impose a sentence of probation as the parties have agreed is appropriate.

4. **Section 3553(a)(6): The need to avoid unwarranted disparity among defendants with similar records who have been found guilty of similar conducts.**

The particular facts in this case, such as his exemplary military service before getting PTSD, are not present in many other cases, so creating an unwarranted disparity among defendants does not seem to be applicable.

5. **Section 3553(a)(5) and (7).**

McGowan incorporates all previous arguments set forth above for the court to consider any pertinent policy statements, and there is not restitution.

## WITNESSES EXPECTED TO TESTIFY

McGowan does not anticipate presenting any additional evidence or exhibits at sentencing, but he may choose to testify.

## **CONCLUSION**

In keeping with the requirements set forth in <u>Koon</u>, McGowan moves this court to consider the person before it and view that case as the "unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue." <u>Koon v. United States</u>, 518 U.S. 81, 113 (1996).

Against this backdrop, and in light of the case law and all sentencing requirements set forth above, coupled with McGowan's life history and the facts of this case, justice surely requires granting McGowan's motions as requested. McGowan therefore requests this court sentence him to probation, which as the United States agreed, is a sentence that is sufficient, but not greater than necessary, in compliance with the purposes of sentencing as set forth in 18 U.S.C. § 3553.

Respectfully submitted this 8th day of April 2021.

Respectfully submitted,

Christopher Michael McGowan

s/ Seth C. Weston

Law Office of Seth C. Weston, PLC
313 Campbell Avenue SW
Roanoke, Virginia 24016
(O) (540) 342-5608
(F) (540) 301-2209
Email: seth@scwestonlaw.com
Bar # 47523
    Counsel for Christopher Michael McGowan

### Certificate of Service

I hereby certify that I electronically filed this motion on April 8, 2021, with the Clerk of the Court using the CM-ECMF system, which will electronically notice all counsel of record.

/s/ Seth C. Weston