IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Case No. 7:18-CR-00022 |
| v. ) | |
| ) | |
| CHRISTOPHER MICHAEL MCGOWAN, ) | |
| ) | By: Michael F. Urbanski |
| Defendant ) | Chief United States District Judge |

## MEMORANDUM OPINION

This matter is before the court on defendant Christopher Michael McGowan's motion for early termination of supervised release. ECF No. 122. For the reasons stated below, the court **DENIES** McGowan's motion.

On May 3, 2018, McGowan was indicted on one count of knowingly and willfully transmitting in interstate and foreign commerce a communication containing a threat to injure the person of another, in violation of 18 U.S.C. § 875(c). ECF No. 19. The charge was based on many "concerning" and "threatening" tweets McGowan sent in which he tagged or otherwise directed comments at a United States congressman. Pre-Sentence Report (PSR), ECF No. 115, ¶¶ 25-35. McGowan told the Botetourt County Sheriff's office that he had a history of bipolar disorder, post-traumatic stress disorder and alcoholism. He said he was drunk when he sent the threatening tweets about the congressman. Id., ¶ 29.

After his arrest on April 6, 2018, McGowan was released on bond on April 12, 2018, and on May 15, 2018, he was referred to the Veterans Treatment Court offered by the United State District Court for the Western District of Virginia. ECF No. 24; ECF No. 115 at 1. McGowan entered into an agreement for a 1-year period of pre-trial diversion on October 31,

1

2018. ECF No. 39. Shortly before the one-year diversion period was set to expire, McGowan "participated in some untoward email behavior" regarding an EEOC claim. He was ordered to continue in Veterans Treatment Court and to attend Alcoholics Anonymous meetings, among other conditions. Order, ECF No. 58.

McGowan continued to struggle with complying with the terms of supervised release. Ultimately, a summons was issued and the United States filed notice of its intent to terminate the pre-trial diversion agreement. ECF Nos. 95, 96. McGowan's noncompliance included lying to his Supervising Probation Officer about being fired from his job for misconduct. McGowan told his probation officer that he was laid off because of COVID when he actually was terminated for sending unprofessional text messages to coworkers after he drank alcohol. ECF No. 96. Accordingly, the pretrial diversion agreement was revoked on October 19, 2020, and McGowan was removed from Veterans Treatment Court on October 26, 2020. ECF Nos. 96, 97.

McGowan entered into a plea agreement on January 22, 2021. ECF No. 108. On April 15, 2021, McGowan was sentenced to time served and a 2-year term of supervised release. J., ECF No. 120. McGowan began serving his term of supervised release on April 15, 2021 and has served approximately 15 months of his 2-year term. McGowan moves for termination of supervised release based on his compliance with the terms of release. ECF No. 122.

The court sought input from the United States Probation Officer who supervises McGowan. The officer confirmed that McGowan has done well on supervision by complying with treatment and abstaining from alcohol. Accordingly, the officer does not oppose early

2

termination. However, the officer added that he had concerns about McGowan's long-term rehabilitation if he were to be released from supervision before serving the full term.

The government opposes early termination of McGowan's term of supervised release, based on the nature of his offenses and his poor conduct while on pretrial release. ECF No. 125. In addition, the government asserts that due to the short length of McGowan's sentence and period of supervised release, if McGowan were to serve any less time on supervised release it would eliminate any deterrent or retributive aspects of his sentence. ECF No. 125, at 3.

Pursuant to 18 U.S.C. § 3583(e), a court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release at any time after the expiration of one year of supervised release if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice. The following factors are to be considered: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, provide the defendant with needed education or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentence and the sentencing range established for the applicable category of offense committed by the applicable category of defendant as set forth in the United States Sentencing Guidelines; (5) any pertinent policy statement issued by the United States Sentencing Commission; (6) the need to avoid unwarranted sentencing disparities among defendants; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a).

Courts have discretion to grant early termination of supervised release, even when the conditions for termination are met. Folks v. United States, 733 F.Supp.2d 649, 651 (M.D.N.C. 2010). In addition, the inquiry is broader than the individual's conduct. Id. (citing United States v. Pregent, 190 F.3d 279, 282-83 (4th Cir. 1999)). "Circumstances that justify early discharge have included exceptionally good behavior that makes the previously imposed term of supervised release 'either too harsh or inappropriately tailored to serve' general punishment goals." Id. (quoting United States v. Lussier, 104 F.3d 32, 36 (2d Cir. 1997)). Neither the passage of time nor full compliance with the terms of supervised release are sufficient bases to warrant early termination. Id. at 652 (collecting cases). But "[a]llocation of scarce resources counsels in favor of terminating supervision in cases . . . where services and oversight are no longer needed." United States v. Lyons, No. CR DKC 13-0282-3, 2020 WL 7769782, at *2 (D. Md. Dec. 30, 2020) (granting motion for early termination of supervised release where the parolee, convicted of a drug trafficking conspiracy and possession of a firearm in furtherance thereof, was transitioning "very well" and he consistently tested negative in random drug testing).

Turning to the § 3553(a) factors, the court finds that the nature and circumstances of the offense weigh against early termination of supervision. According to the complaint, McGowan sent at least fifteen threatening tweets directed to the congressman. ECF No. 3, ¶ 6-19. The threatening communication started on December 17, 2017, and continued even after McGowan was interviewed by law enforcement about his conduct. Id., ¶¶ 29-32. Because McGowan's conduct was directed at a congressman, he received an enhancement to his guideline sentence calculation to reflect the seriousness of threatening a government officer.

4

ECF No. 115, ¶ 36. The serious nature of McGowan's offenses warrants a continued period of supervision.

Regarding McGowan's history and characteristics, McGowan served as a captain in the United States Army. Id., ¶ 73. He served one tour of duty in Afghanistan between 2012 and 2014 and was honorably discharged from the Army in 2015. He is 100 percent disabled by post traumatic stress disorder (PTSD) and receives disability pay from the military. Id., ¶ 85. During his time in Veterans Treatment Court, McGowan twice attempted to secure stable employment, but he was unsuccessful. Id. McGowan lost his first job due to the instant charge, and he lost his second position for inappropriate behavior, specifically sending inappropriate text messages to co-workers while intoxicated. Id., ¶22, 85. Notwithstanding his difficulties while in Veterans Treatment Court, McGowan has made great strides since being on supervised release. McGowan has completed 1,000 hours of community service, has had no incidents of non-compliance, and has taken an active role in treatment for his PTSD. ECF No. 122, at 1. The court fully credits McGowan's service in the Army, his resulting mental health diagnosis, and his recent compliance with the terms of his supervised release.

Looking at the need for the sentence to provide deterrence to criminal conduct and protect the public, the court finds that having McGowan remain on supervised release will provide benefit to both McGowan and the public. The terms of McGowan's supervised release prohibit him from having access to any social media platform without a probation officer's approval, prohibit further communications with the congressman or his family, and require McGowan to refrain from alcohol. J., ECF No. 120, at 5. He also is required to obtain mental health treatment and undergo testing and treatment for substance abuse. With such

conditions in place, continuing McGowan's term of supervision will provide him with additional structure and guidance from his probation officer and will increase the chances that he will enjoy long-term success when his supervision ends.

Regarding the established sentencing range for the category of McGowan's offense, he faced a maximum term of 6 months of incarceration for his offense and received timed served. Id., ¶90. This factor weighs neither in favor nor against early termination. None of the remaining § 3553(a) factors weigh either in favor or against early termination of supervised release.

Having considered the § 3553(a) factors and the opinion of the probation officer overseeing McGowan's supervised release, the court **DENIES** McGowan's motion for early termination. To be sure, McGowan's accomplishments to date on supervision are positive. Nevertheless, the court remains concerned about the stability of McGowan's success. Having McGowan continue on supervised release will provide him with an additional period of guidance and also serve to protect the community. Accordingly, McGowan's motion for early termination of supervision is **DENIED**.

An appropriate order will be entered.

It is so **ORDERED**.

ENTERED: July 8, 2022

Michael F. Urbanski
Chief United States District Judge